## Mary C. McHugh vs. Williams & Payton.

### JULY 7, 1920.

Present:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   *Pleading Workmen's Compensation Law as Special Defence.*

The defence that plaintiff in a personal injury case had been paid compensation by her employer in accordance with an agreement made under the provisions of the Workmen's Compensation Act should be specially pleaded, and such evidence cannot be shown under the general issue, since this is a statutory defence of recent origin and did not exist at common law.

(2)   *Negligence.   Ordinary Care.*

In a personal injury action arising from the leaking of acid through the floor, injuring plaintiff, an employee upon a floor below, charge that it was the duty of defendant to use what would be called ordinary care and diligence for the safety of those in other sections of the building, was a correct statement of the law.

(3)   *Negligence.   Ordinary Care.*

In a personal injury case, arising from the leaking of acid used by defendants in their business of manufacturing jewelers through the floor and injuring plaintiff an employee of another manufacturing company on the floor below, a charge that left to the jury to determine whether defendant made such an investigation of the flasks as would lead them absolutely to know that they were sound and that there was no crack in them was prejudicial error, as defendant was required to use only ordinary care and diligence in making an investigation as to the condition of the soundness of the flasks, and was not required to be an insurer of their condition.

Trespass on the Case for negligence.   Heard on exceptions of defendant and sustained.

Sweeney, J.   This is an action of trespass on the case for negligence to recover damages for personal injuries sustained by the plaintiff on account of the negligent handling of acid by the defendants.   The jury returned a verdict for the plaintiff, and the defendants duly filed a motion for new trial, which was denied by the trial justice after hearing the parties, and the defendants then duly prosecuted their bill of exceptions to this court.

At the time of the accident, in February, 1918, the defendants were manufacturers of jewelry.   Their place of business was on the third floor of a manufacturing building

and the plaintiff was an employee of another manufacturing company that occupied a portion of the floor space directly beneath that occupied by the defendants. The defendants used acid in connection with their business and on the 20th day of February, 1918, a carboy of sulphuric acid commenced to leak and a quantity of it went through the floor and some of it fell upon the plaintiff and she was severely burned. The defendants' fourth and fifth exceptions are to the exclusion of questions to the plaintiff on cross-examination asking her if she made any claim against her (1) employers under the Workmen's Compensation Act, and if her employer paid her under the Workmen's Compensation Act for this particular accident. The defendants claim the right to ask these questions under the provisions of Section 7, Article I of the Workmen's Compensation Act, as it provides that "the right to compensation for an injury, and the remedy therefor by this act, shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise; and such rights and remedies shall not accrue to employees entitled to compensation under this act while it is in effect." The only plea filed was that of the general issue. If the plaintiff had been paid compensation by her employer in accordance with an agreement made under the provisions of the Workmen's Compensation Act the defendants should have specially pleaded the agreement in bar, as this is a statutory defence of recent origin, and did not exist at common law. These exceptions are overruled.

The sixth exception is to the ruling of the trial justice permitting a certain hypothetical question to be asked of the defendants' expert witness. The answer to the question was not prejudicial to the defendants and therefore the exception is overruled.

The seventh exception is to the denial of the defendants' motion to direct a verdict. The first count charges that it was the duty of the defendants to use reasonable care in placing these acids and in the care of the same so that they

might not leak upon persons on the floor beneath and that the defendants placed the acids in a position in their factory so that some of it leaked and burned its way through the floor and down upon the plaintiff. The plaintiff introduced evidence to support this count and therefore it would have been error for the court to have directed a verdict for the defendants.

The tenth exception is to that portion of the charge as follows: "What was the duty of the defendants with respect to care? Of course it was their duty, gentlemen, to handle this acid so that it would not injure innocent parties in any (2) other section of the building; and to accomplish this it was the duty of the defendants to use what would be called ordinary care and diligence for the safety of these people." This is a correct statement of the law applicable to the case and the exception is overruled.

The eighth, ninth and eleventh exceptions relate to portions of the charge which refer to facts in evidence as bearing upon the conduct of the defendants in the performance of the duty they owed the plaintiff in using ordinary care under the circumstances to properly care for said acid. It was proper for the court thus to refer to the facts in evidence and as there is no misstatement of fact or error of law these exceptions are overruled.

The twelfth exception is to that portion of the charge of (3) the court wherein it said: "Of course, it is the general rule that for a latent defect, which cannot be discovered, the defendant is not liable, but that leaves to you for consideration the first matter which I brought to your attention, whether they made such an investigation of these flasks as would lead them absolutely to know that all the rest of them were sound and that there was no crack in them." This exception must be sustained as the defendants were required to use only ordinary care and diligence in making an investigation as to the condition of the soundness of the flasks, and not make such a particular investigation of them as would lead them absolutely to know that they were sound. "Ordi-

nary care is such care as a person of ordinary prudence exercises under the circumstances of the danger to be apprehended. The greater the danger the higher the degree of care required to constitute ordinary care, the absence of which is negligence. It is a question of degree only. The kind of care is precisely the same." *Beerman* v. *Union R. R. Co.*, 24 R. I. 275, 280. To require the defendants to make such investigation of the flasks as to absolutely know their condition would require them to exercise the highest degree of care under the circumstances, or to be insurers of the condition of the flasks, and this degree of care is not required in the case at bar, but only ordinary care under the circumstances and conditions.

The first three exceptions were waived. All of the other exceptions are overruled, with the exception of the twelfth, which is sustained, and the thirteenth, which is to the denial of the defendants' motion for a new trial, which is not considered.

The case is remitted to the Superior Court for a new trial.

*Charles A. Walsh*, for plaintiff.

*Green, Hinckley & Allen*, (*Abbott Phillips, Clifford A. Kingsley*, of counsel), for defendant.